Wayne W. Call, Bar No. 56676
  wcall@calljensen.com
David R. Sugden, Bar No. 218465
  dsugden@calljensen.com
Scott P. Shaw, Bar No. 223592
  sshaw@calljensen.com
Deborah A. Gubernick, Bar No. 242483
  dgubernick@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Plaintiff Santamaria Family Therapy, Inc. dba One to One Treatment

# UNITED STATES DISTRICT COURT

# CENTRAL OF CALIFORNIA

| | |
|---|---|
| SANTAMARIA FAMILY THERAPY, INC. a California Corporation dba ONE TO ONE TREATMENT, <br><br>                   Plaintiff, <br><br> vs. <br><br> LYNNE PEDERSEN, an individual and 1RECOVERY, aka ONE RECOVERY, a California corporation, <br><br>                   Defendants. | Case No. <br><br> **COMPLAINT** <br> 1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))** <br> 2. **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))** <br> 3. **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT (Cal. Bus. & Prof. Code § 14200, *et seq.*)** <br> 4. **UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200, *et seq.*)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff hereby alleges as follows:

## PRELIMINARY STATEMENT

1. By this Complaint, Plaintiff Santamaria Family Therapy, Inc., a California Corporation dba One to One Treatment ("Plaintiff" or "One to One") seeks injunctive relief, damages, and other remedies provided by law to remedy injuries caused by Defendant Lynne Pedersen and 1Recovery aka One Reovery's (collectively, "Defendants") infringement of Plaintiff's distinctive trademarks and for Defendants' unfair competition in violation of California and United States laws.

2. Plaintiff offers mental health counseling, substance abuse counseling and related services in the field of addiction recovery, substance abuse treatment and related behavioral health services, using a family of trademarks containing the term "ONE," and has done so since 2009.

3. Long after Plaintiff's use and adoption of its family of "ONE" trademarks, Defendants started offering identical and overlapping services as Plaintiff using a nearly identical stylized "ONE" trademark for such services as explained more fully below.

## PARTIES

4. Plaintiff is, and was at all times mentioned in this Complaint, a corporation organized and existing under the laws of California, with its offices located at 11340 W. Olympic Boulevard, Suite 355, Los Angeles, California 90064.

5. Defendant Lynne Pedersen (f/k/a Lynne Pedersen Butler) is, and was at all times mentioned in this Complaint, an individual and is the Founder and Chief Executive Officer of 1Recovery aka One Recovery.

6. Defendant 1Recovery aka One Recovery, is a California corporation having business addresses at 649 Santa Clara Avenue, Venice, California 90291; 460 E. Grandview, Sierra Madre, California, 91025; and a postal box address at P.O. Box 5593, Santa Monica, California 90409.

///

///



## JURISDICTION AND VENUE

7. This is an action for federal trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin under the Lanham Act pursuant to 15 U.S.C. § 1125, California common law trademark infringement, unfair competition, and unfair business practices under California Business & Professions Code § 17200, *et seq*.

8. Jurisdiction in the United States District Court is proper under 15 U.S.C. §§ 1121 and 1125, and 28 U.S.C. §§ 1331 and 1338(a), in that this case arises under the Trademark Laws of the United States. The Court has jurisdiction over the California trademark and unfair competition claims pursuant to 28 U.S.C. § 1338(b), because these claims are joined with a substantial and related claim arising under the Trademark Laws of the United States. The amount in controversy exceeds the jurisdictional requirement of $75,000 in an amount to be proven at trial.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred in this district. In particular, Plaintiff conducts extensive amounts of business in this district and advertises through this district. Defendant also advertises in and through this district, particularly through local high schools and at venues herein. Injury to Plaintiff caused by Defendants' conduct occurred in and continues to occur in this district as Defendants continue to market their services in from this district.

10. Defendants are subject to specific personal jurisdiction in this district under Federal Rules of Civil Procedure Rule 4(k)(1)(A) and California Code of Civil Procedure § 410.10. On information and belief, Defendants have significant contacts with California in that they advertise their services to California residents in this district via the internet, in social media, and by face-to-face solicitation in this district.

## FACTUAL BACKGROUND

11. Plaintiff founded "One to One Treatment" in 2009 to service clientele and their families needing assistance with various types of behavioral health, mental health,

1  addiction, substance abuse, crisis management and related behavioral health disorders
2  and issues.

3       12.    Plaintiff has continuously provided addiction recovery, substance abuse
4  treatment and educational services related thereto for teens and adults since that time,
5  using "ONE" as the dominant portion of its trademarks in connection with its treatment
6  programs and services.

7       13.    Plaintiff's reputation for excellence as a provider of services in the field of
8  substance abuse and behavioral health services is known nationwide. Plaintiff's clients
9  come to California from all over the country to participate in Plaintiff's specialized
10 programs.

11       14.    Plaintiff has adopted and used a family of "ONE" trademarks that
12 generally cover addiction recovery, substance abuse treatment services, and related
13 behavioral health services, including the following:

- ONE (Stylized Mark shown below), U.S. Registration Number 3876130, the registration certificate for which is attached as Exhibit A; and



- ONE TO ONE (Stylized Mark shown below), U.S. Registration Number 3876131, the registration certificate for which is attached as Exhibit B.



- ONEtx (plain block mark), U.S. Registration Number 5049558, the registration certificate for which is attached as Exhibit C.
- ONE. TO. ONE. TREATMENT. (plain block mark), U.S. Registration Number 5049556, the registration certificate for which is attached as Exhibit D.

- ONE. TO. ONE. (plain block mark), U.S. Registration Number 5049555, the registration certificate for which is attached as <u>Exhibit E</u>.

15. The above marks are collectively referred to herein as the "ONE Trademarks."

16. Plaintiff's ONE Trademarks specifically cover the following services: Psychiatric consultation; Therapeutic counseling in the fields of mental health and substance abuse; Counseling in the field of mental health and substance abuse; Rehabilitation of patients impacted by substance abuse and addiction; Treatment of mental health disorders, namely, personality disorders; Mental health counseling as it relates to gender identity and sexual preference; Mental health counseling as it relates to family and marital relationships; Mental health counseling as it relates to improving social skills of patients impacted by substance abuse and addiction.

17. Plaintiff advertises its mark extensively, including but not limited to advertising in its website, http://onetx.com.

18. The ONE Trademarks pre-date Defendants' use of ONE.

19. The ONE Trademarks are inherently distinctive.

20. The registered ONE Trademarks entitle Plaintiff to a presumption of valid, enforceable rights.

21. The USPTO has accepted Plaintiff's Section 8 and 15 Combined Declarations of Use and Incontestability for the stylized "ONE" marks shown in U.S. Registration Number 3876130 and U.S. Registration Number 3876130, resulting in these two registrations achieving incontestable status.

**DEFENDANTS' INFRINGING SERVICE MARK AND ACTIVITIES**

22. Defendants adopted and began using 1RECOVERY in connection with organizing and conducting support groups in the field of mental health, eating disorders, substance abuse and self-harm in late 2015, six years after Plaintiff's use of the ONE Trademarks for nearly identical services.

23. Defendant Lynne Pedersen (Butler) filed a trademark application for ONE RECOVERY on August 19, 2015 under Serial Number 86729603. The trademark was later abandoned on June 9, 2016 after receiving an Office Action from the United States Patent and Trademark Office (USPTO) initially rejecting the mark. Attached as Exhibit F is a copy of the application filed by Defendants with the USPTO.

24. Defendant Lynne Pedersen also filed a trademark application for 1RECOVERY on November 23, 2015 under Serial Number 86828678 for the following services: "Providing on-line, phone, in person treatment referrals in the field of mental health and substance abuse" and "organizing and conducting support groups and events, in the field of mental health and substance abuse recovery." Attached as Exhibit G is a copy of the application filed by Defendant with the USPTO. This application has also been initially rejected by the USPTO and remains pending.

25. Defendants do not own any registered trademarks.

26. In approximately January of 2016, Defendants adopted and began using an unfiled, stylized "ONE" trademark that is nearly identical to Plaintiff's stylized "ONE" in its registered trademarks—used for nearly identical services, in the same industry, for the same types of consumers.

27. Defendants' infringing trademark features a number "1" in the center of a letter "O" – just like Plaintiff's unique stylization in its registered ONE Trademarks.

28. Defendants advertise their mark extensively in the website http://1recovery.com and elsewhere.

29. Below is a comparison of Plaintiff's stylized ONE Trademarks and Defendants' stylized "ONE" mark:

| Plaintiff's Registered ONE Trademarks | Defendant's Unregistered Mark |
|---|---|
| ![one tx / one fx logos] | ![1ONE RECOVERY logo] |



| **one**.tx one. to. one.<br>**one**.fx treatment. | |
|---|---|

30. Defendants also use "ONE" as a standalone term in online advertising and use "ONE" as a dominant portion of their mark.

31. Plaintiff, through its trademark counsel, sent Defendants a cease and desist letter on January 12, 2016 regarding Defendants' unauthorized, nearly identical use of the Registered ONE Trademarks. Attached as <u>Exhibit H</u> is a true and correct copy of Plaintiff's January 12, 2016 cease and desist letter.

32. Defendants refused to cease using the infringing mark despite Plaintiff's request.

33. Plaintiff sent a second cease and desist letter to Defendants on January 21, 2016. Attached as <u>Exhibit I</u> is a true and correct copy of Plaintiff's January 21, 2016 cease and desist letter.

34. Plaintiff again sent a third cease and desist letter to Defendants on February 5, 2016. Attached as <u>Exhibit J</u> is a true and correct copy of Plaintiff's February 5, 2016 letter.

35. Defendants have failed to cease using the infringing mark.

36. Since receiving the cease and desist letters, Defendants have willfully and knowingly increased use of the infringing stylized "ONE" in online advertising, in local promotions at high schools, and at community events targeting Plaintiff's same representative consumers/clientele.

37. Defendants' use of the stylized "ONE" has resulted in instances of confusion.

38. Defendants' unauthorized use and infringement of the ONE Trademarks, after actual and constructive notice of Plaintiff's rights, evidences Defendants' intentional and willful conduct, and is an attempt to trade off Plaintiff's reputation for quality and goodwill.

39. Defendants' "ONE" is infringing the stylized ONE Trademarks and is likely to cause consumer confusion and damage to Plaintiff.

40. Because Defendants were unwilling to reasonably respond to Plaintiff's requests to cease and desist the infringing use, Plaintiff now seeks judicial intervention.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114(1)])**

41. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 40, inclusive, and incorporates them as though fully set forth by this reference herein.

42. Plaintiff is the owner of the trademark registrations described herein as the ONE Trademarks. Plaintiff has used its registered marks in commerce to identify its services and to distinguish them from those sold or otherwise provided by others.

43. Defendants have used, and continue to use, the stylized "ONE" set in larger text, with the word "Recovery" below it, in much smaller letters, in connection with services that are nearly identical to or identical to Plaintiff's.

44. Plaintiff has not at any time consented to Defendants' use of a mark that is highly similar to Plaintiff's unique and stylized "ONE" shown in its One Trademarks.

45. Defendants' use of the stylized "ONE" logo with a numeral "1" in the center of the "O" is likely to cause confusion, or to cause mistake, or to deceive consumers.

46. Defendants' use of "ONE" as a standalone trademark and dominant portion of its mark is likely to cause confusion, or to cause mistake, or to deceive consumers.

47. Defendants' actions are intentional and willful. Defendants had notice of, and actually knew of, Plaintiff's use of "ONE" as the dominant portion of its mark, and knew of Plaintiff's stylized "ONE" logo with a numeral "1" in the center of the "O" prior to Defendants adopting that stylization for the same services. Despite this notice and knowledge, Defendants refused to cease the infringing activity and continues to infringe Plaintiff's trademark rights.

48. As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer damage to its reputation and goodwill, injury to its current and potential customer base, and a loss of revenue in an amount not yet determined.

49. Plaintiff is entitled to recover Defendants' profits and reasonable royalties for the infringing use of Plaintiff's trademarks, as well as damages, all of which may be trebled as a result of Defendants' willful conduct.

50. Defendants' intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief that permanently bars Defendants from use of the stylized "ONE" with a numeral "1" in the center of the "O" to identify their services, as well as an injunction that permanently bars Defendants from use of "ONE" as a standalone mark or dominant portion of their mark for the same and overlapping services.

51. Defendants' intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**(False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)])**

52. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 51, inclusive, and incorporates them as though fully set forth by this reference herein.

53. Plaintiff has used its ONE Trademarks in commerce to identify its services since 2009, several years prior to Defendants' use which began in 2015.

54. Defendants' use of the stylized "ONE" as a dominant portion of its mark and as a standalone mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff.

55. Defendants' conduct, after actual and constructive notice of Plaintiff's rights, is knowing and willful.

56. As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer, damage to its reputation and goodwill, injury to its current and potential customer base, as well as a loss of revenue in an amount not yet determined.

57. Plaintiff is entitled to recover Defendants' profits and reasonable royalties for the infringing use of the ONE Trademarks, as well as damages, all of which may be trebled as a result of Defendants' willful infringement.

58. Defendants' intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief that permanently bars Defendants from use of the stylized "ONE" with a numeral "1" in the center of the "O" to identify their services, as well as an injunction that permanently bars Defendants from use of "ONE" as a standalone mark or dominant portion of a mark for the same and overlapping services.

59. Defendants' actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

**(California Common Law Trademark Infringement**

**[Cal. Bus. & Prof. Code § 14200, *et seq.*])**

60. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 59, inclusive, and incorporates them as though fully set forth by this reference herein.

61. Plaintiff's use of the ONE Trademarks precedes Defendants' use of the stylized "ONE".

62. Defendants' use of the stylized "ONE" as a standalone mark and dominant portion of their mark is likely to cause confusion as to Plaintiff's association, affiliation, sponsorship or endorsement of Defendants and their services.

63. As a direct and proximate result of Defendants' infringement of Plaintiff's common law service marks, Plaintiff has suffered, and will continue to suffer, loss of income, profits and goodwill, and Defendants have and will continue to be unjustly enriched by acquiring income, profits and goodwill to which it is not entitled.

64. Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Therefore, Plaintiff is entitled to injunctive relief that permanently bars Defendants from use of the stylized "ONE" with a numeral "1" in the center of the "O" to identify their services, as well as an injunction that permanently bars Defendants from use of "ONE" as a standalone mark or dominant portion of its mark for the same and overlapping services.

65. Defendants committed wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendants' conduct therefore justifies an award of exemplary damages.

## FOURTH CAUSE OF ACTION

**(Unfair Business Practices [Cal. Bus. & Prof. Code § 17200, *et seq.*])**

66. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 65 inclusive, and incorporates them as though fully set forth by this reference herein.

67. Defendants' marketing, selling and offering services identified by the trademark "ONE" in nearly identical fashion to Plaintiff's use of the same term constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code § 17200, in that they 1) infringe Plaintiff's rights in the ONE Trademarks, 2) seek to "pass off" Defendants' services as Plaintiff's services to capitalize on Plaintiff's reputation and goodwill, and 3) create confusion as to whether Plaintiff's services are Defendants' services, inhibiting Plaintiff's ability to control its own reputation.

68. Plaintiff has suffered injury, in fact, and has lost money or property as a result of Defendant's unfair competition in the form of damage to its goodwill, lost sales, and other actual damages.

69. The harm to Plaintiff, and to members of the general public, outweighs the utility of Defendants' business practices.

70. The unlawful, unfair, and fraudulent business practices of Defendants, as described in this Complaint, present a continuing threat to members of the public in that they are likely to cause confusion as to the source of Defendants' services in that the general public is likely to believe that Defendants' services originate from, or are affiliated or associated with Plaintiff, or are otherwise sponsored or endorsed by Plaintiff.

71. As a direct and proximate result of Defendants' wrongful acts as alleged in this Complaint, Defendants obtained unlawful profits to the detriment of Plaintiff.

72. Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction prohibiting Defendants' wrongful acts.

73. Defendants committed the wrongful acts willfully, intending to gain business and a share of the market by riding on Plaintiffs' reputation and goodwill. Defendants' conduct justifies an award of exemplary damages.

74. Upon proof, Plaintiff is entitled to recover its costs, including attorneys' fees, under California Code of Civil Procedure § 1021.5.

///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as to all counts of its Complaint, as follows:

**FOR ALL CAUSES OF ACTION:**

1. Actual general and compensatory damages and royalties according to proof;

2. Reasonable attorneys' fees and costs of suit;

3. Pre-judgment interest on all amounts claimed as permitted by law;

4. For temporary and permanent injunctive relief, ordering Defendants to:
   a. Cease and desist from using the stylized "ONE" with the numeral "1" inside the "O" in the term "ONE";
   b. Cease and desist from using "ONE" as a standalone mark or as the dominant portion of their mark for the same and overlapping services;
   c. Deliver up for destruction all brochures, in-print marketing materials, and so forth bearing the "ONE" stylized logo with the numeral "1" inside the "O" in the term "ONE";
   d. Deliver up for destruction all brochures, in-print marketing materials and so forth bearing "ONE" as a standalone mark or dominant portion of the mark;
   e. Ordering Defendants to surrender any social media marketing websites, Instagram sites, Facebook pages and Twitter accounts bearing the "ONE" stylized logo with the numeral "1" inside the "O" in the term "ONE" in connection with Defendant's services and "ONE" as a standalone mark or dominant portion of a mark;
   f. Ordering Defendants to engage in corrective advertising to restore, to the fullest extent possible, the value of Plaintiff's marks;



5. Restitution and disgorgement of Defendants' profits unjustly obtained through infringement of Plaintiff's rights;

6. Punitive or exemplary damages, including but not limited to treble damages as a result of Defendants' willful infringement; and such other, further, and different relief as the Court may deem proper under the circumstances.

Dated: October 6, 2016

CALL & JENSEN
A Professional Corporation
Wayne W. Call
David R. Sugden
Scott P. Shaw
Deborah A. Gubernick

By: */s/Deborah A. Gubernick*
    Deborah A. Gubernick

Attorneys for Plaintiff Santamaria Family Therapy, Inc. dba One to One Treatment

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

Dated: October 6, 2016

CALL & JENSEN
A Professional Corporation
Wayne W. Call
David R. Sugden
Scott P. Shaw
Deborah A. Gubernick

By: */s/ Deborah A. Gubernick*
Deborah A. Gubernick

Attorneys for Plaintiff Santamaria Family Therapy, Inc. dba One to One Treatment